# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JERRY R. STEWART, JR,**

    **Plaintiff,**

    v.

**MATTHEW WIEDMAN,** *et al.,*

    **Defendants.**

**Civil Action 2:21-cv-1876**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

On April 16, 2021, Plaintiff filed a purported motion for leave to proceed *in forma pauperis*. (ECF No. 1.) The document was missing pages but the Certificate page indicated that Plaintiff was incarcerated in the Fayette County Jail. (*Id*.) On April 21, 2021, the Clerk's office issued a Deficiency Notice to Plaintiff advising him that his filing did not comply with 28 U.S.C. § 1915 because the motion was not accompanied by a copy of his trust fund account statement. (ECF No. 2.) The Notice directed Plaintiff to cure the deficiency within 30 days. (*Id*.) When Plaintiff did not, the Court issued an Order and Deficiency Notice on June 2, 2021, directing Plaintiff to file a Motion and to provide a copy of Plaintiff's prison trust fund account statement from his institution(s) of incarceration showing at least the past six months' transactions. (ECF No. 3.) The Court cautioned Plaintiff that his failure to do so would result in dismissal of this action for failure to prosecute. (*Id*.) The Court's docket does not reflect that the mailings to Plaintiff were returned.

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d at 1131 (citing 28 U.S.C. § 1915(a) (1). "Submission of an sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2) ] are statutory requirements for proceeding *in forma pauperis*." *McCullough v. Fed. Bureau of Prisons*, No. 13–10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). The United States Court of Appeals for the Sixth Circuit describes the Court's responsibility when an individual has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

To date, Plaintiff has failed to respond to the Court's Order. This matter is, therefore, before the Court for consideration of Plaintiff's failure to comply with its Order and failure to prosecute. For the reasons set forth above, it is **RECOMMENDED** that Plaintiff be **ASSESSED the full filing fee of $402.00.** It is further **RECOMMENDED** that this action be **DISMISSED** without prejudice.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: July 14, 2021

   /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE